# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **CEDRIC LEVAR ALEXANDER**, | ) |
| Petitioner, | ) Case No. 7:04CV00393 |
| v. | ) **OPINION AND ORDER** |
| **UNITED STATES OF AMERICA,** | ) By: James P. Jones |
| | ) Chief United States District Judge |
| Respondent. | ) |

The petitioner, whose Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West 1994 & Supp. 2005) was previously denied,[1] now has applied for a certificate of appealability. For the following reasons, the Application for Certificate of Appealability will be denied.

I

The petitioner alleges the following violations of his constitutional rights as grounds entitling him to a certificate of appealability.

1. His Sixth Amendment right to effective assistance of counsel was violated at sentencing because (a) counsel failed to object to the inclusion of two

---

[1] *See Alexander v. United States*, No. 7:04CV00393, 2005 U.S. Dist. LEXIS 10252 (W.D. Va. May 26, 2005) (Michael, J.) Judge Michael is now deceased, and this case has been assigned to me.

trespassing convictions in the defendant's criminal history; (b) counsel failed to argue that the two trespassing convictions should be treated as a single offense; and (c) counsel failed to move for a downward departure below the sentencing range. The petitioner also asserts that he received ineffective assistance of counsel on appeal because counsel should have argued that it was error not to grant the motion for judgment of acquittal.

2. His Fifth Amendment right to due process of law was violated by prosecutorial misconduct consisting of certain remarks made by the prosecutor during closing argument.

3. His Sixth Amendment right to a jury trial was violated when he was sentenced based on factors not submitted to a jury.

A district judge may issue a certificate of appealability if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C.A. § 2253(c)(2) (West Supp. 2005). Pursuant to this standard, a motion for a certificate of appealability will be granted if, after a threshold inquiry, the petitioner can "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [differently]; or that the questions are adequate to deserve encouragement to proceed further." *Jennings v. Woodford,* 290 F.3d 1006, 1010 (9th Cir. 2002) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 (1983)). This standard

- 2 -

Case 7:04-cv-00393-JPJ-mfu   Document 27   Filed 09/30/05   Page 2 of 10   Pageid#: 166

forecloses a thorough examination of the merits, for "a claim can be debatable even though every jurist of reason might agree, after the [certificate of appealability] has been granted and the case has received full consideration, that petitioner will not prevail." *Miller-El v. Cockrell,* 537 U.S. 322, 338 (2003).

### A. Ineffective Assistance of Counsel.

The Sixth Amendment provides in relevant part that "in all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right to counsel includes the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). A defendant alleging ineffective assistance of counsel must prove both (1) that his attorney's conduct fell below an objective standard of reasonableness, and (2) that the attorney's deficient performance caused him prejudice. *Strickland*, 466 U.S. at 687-91. Prejudice is defined as "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

The petitioner's first allegation of ineffective assistance of counsel is based on his counsel's failure to object at sentencing to the inclusion of two trespassing convictions in his criminal history. These two convictions resulted in one punishment

- 3 -

Case 7:04-cv-00393-JPJ-mfu Document 27 Filed 09/30/05 Page 3 of 10 Pageid#: 167

of thirty days imprisonment, all suspended with one year good behavior, and another punishment of sixty days imprisonment, fifty days of which were suspended with one year good behavior.  According to *U.S. Sentencing Guidelines Manual* ("USSG") § 4A1.2(c) (2004), a conviction of trespassing is included in the defendant's criminal history calculation only if the sentence received was a term of probation of one year or a term of imprisonment of at least thirty days.  Since a suspended term of imprisonment does not count toward the requisite thirty days of imprisonment, *see* USSG § 4A1.2(b)(2), the petitioner's convictions could only qualify for inclusion if each sentence constituted a term of probation of one year.  According to the petitioner, a suspended sentence with one year of good behavior is distinct from a period of probation and, therefore, cannot qualify for inclusion under USSG § 4A1.2(c).

In reviewing his § 2255 motion, the court disagreed with the petitioner's assertion and found that counsel did not act in a constitutionally deficient manner in failing to object to the inclusion of the two convictions.  Thus, the issue in determining whether to grant a certificate of appealability as to this issue is whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

- 4 -

While Virginia law makes a formal distinction between terms of probation and suspended sentences subject to good behavior, *see Dyke v. Commonwealth*, 69 S.E.2d 483, 485-86 (Va. 1952), the relevant inquiry is whether a period of good behavior qualifies as a "term of probation" for purposes of USSG § 4A1.2(c). The Fourth Circuit addressed this issue in *United States v. Brown*, No. 99-4062, 2000 U.S. App. LEXIS 16041, at *44 (4th Cir. July 10, 2000) (unpublished), and concluded that it does qualify because under Virginia law a period of good behavior is functionally equivalent to a term of probation since both are revocable if a specified course of conduct is not followed. As a result, the court upheld the district court's inclusion of the defendant's suspended sentence with good behavior in his criminal history under § 4A1.2(c)1. *Id.*; *see also United States v. Gore*, No. 99-4321, 1999 U.S. App. LEXIS 34246, *2 (4th Cir. Dec. 29, 1999) (unpublished) (holding that a condition of good behavior is the equivalent of a one-year term of unsupervised probation and countable under USSG § 4A1.2(c)(1)). In light of the fact that the Fourth Circuit has twice decided that suspended sentences subject to good behavior may qualify under USSG § 4A1.2(c)(1)—albeit by unpublished opinions—no reasonable jurist would find that the district court erred when it concluded that defense counsel's failure to object as to this issue did not constitute ineffective assistance of counsel. Therefore, I will not grant a certificate of appealability as to this issue.

The petitioner next objects to the court's determination that counsel's failure to argue against the separate treatment of the two trespassing convictions was ineffective for the purposes of the Sixth Amendment. In reviewing his § 2255 motion, the court determined that the petitioner's two trespassing convictions could not qualify as a single offense. According to USSG § 4A1.2(a)(2), prior sentences imposed in unrelated cases are to be counted separately, while those imposed in related cases are to be treated as one sentence. The commentary in USSG § 4A1.2, cmt. n.3 elaborates and states, "Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." The petitioner does not dispute that he was arrested for the first trespass prior to committing the second. Nor does he cite any cases to support the proposition that any exceptions exist to this rule. Moreover, even if the court treated these convictions as a single offense, lowering his criminal history to two points from three, it would still result in a criminal history category of II and the same sentencing range. *See* USSG, ch. 5, pt. A. Thus, I find that a reasonable jurist would not find debatable or worthy of further inquiry the court's determination that counsel did not deprive the petitioner of effective assistance of counsel by failing to object to the separate treatment of the two trespassing convictions.

The petitioner also alleges that the court erred in not finding ineffective assistance of counsel from the fact that counsel did not move for a downward departure below the sentencing range. As the court discussed in greater detail in denying the petitioner's § 2255 motion, *Alexander*, 2005 U.S. Dist. LEXIS 10252, at *13-15, defense counsel asked the court to sentence the petitioner below the applicable guideline range in order to achieve a sentence similar to that of his co-defendant. The petitioner, therefore, is essentially asserting that he received ineffective assistance of counsel because his attorney argued for a downward departure on the basis of giving similar sentences to the two defendants rather than on the appropriateness of the criminal history categories. Certainly, defense counsel could have opted for this other strategy, but as discussed in the opinion denying the petitioner's § 2255 motion, this would have proved futile. *See id.* at *15. Whether this would have proved better grounds for moving for downward departure is also somewhat beside the point given that the underlying issue concerns counsel's decision to opt for one approach over another. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland* , 466 U.S. at 690. Accordingly, I conclude that a reasonable jurist would not find that the district court's decision was debatable or wrong, and I will deny a certificate of appealability as to this issue.

Finally, the petitioner argues that the court erred in finding that he did not receive ineffective assistance of counsel due to counsel's decision to not argue on appeal that his motion for judgment of acquittal should have been granted. In arguing ineffective assistance of counsel for failure to raise an argument on appeal, appellate counsel is presumed to act reasonably in deciding which issues were most likely to afford relief on appeal. *See Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993). This presumption is only overcome if the ignored issue—here, the sufficiency of the evidence relating to his intent to distribute crack—is clearly stronger than the issues raised on appeal. *See Smith v. Robbins*, 528 U.S. 259, 288 (2000). Given the evidence against him—including expert testimony that the 248 grams of crack for which he was convicted had been worth up to $124,000—a reasonable jurist would not find that an appeal based on insufficient evidence of intent to distribute was stronger than the issues actually argued on appeal. Accordingly, a certificate of appealability will not be granted as to this issue.

B. Prosecutorial Misconduct.

Next, the petitioner argues that the court erred in not finding that certain comments made by the prosecutor amounted to prosecutorial misconduct that deprived him of his constitutional right to substantive due process. As discussed at greater length in the denial of the § 2255 motion, *see Alexander,* 2005 U.S. Dist.

LEXIS 10252, at *13-15, these comments involved nothing more than the prosecutor suggesting a plausible interpretation of different actions of the defendant. The prosecutor did not act wrongly when he suggested to the jury that the petitioner fled from the law enforcement officer because he had something to hide. Nor is it debatable that the prosecutor did not act improperly when he suggested that the comment the defendant made to his co-defendant to "bring the food" was a signal to get the drugs from the car, since the only food there was cold, half-eaten fast food. No reasonable jurist could find that the court was wrong in determining that these comments did not amount to prosecutorial misconduct of constitutional magnitude. Nor could a reasonable jurist find issue with the court's decision that the petitioner was not deprived of a fair trial when the government stated, "Like most drug dealers, [the co-defendants] weren't employed." At most this was a minor error, not depriving the petitioner of a fair trial. Therefore, I will not grant a certificate of appealability as to any of the allegations of prosecutorial misconduct.

C. *Blakely* and *Booker*.

Finally, the petitioner argues that the court erred in not finding that his Sixth Amendment rights were violated when the court found at sentencing several aggravating factors that had not been admitted by the defendant or found by a jury beyond a reasonable doubt. Specifically, it is the petitioner's contention that the court

erred when it found that the decision in *United States v. Booker*, 125 S. Ct. 738 (2005), did not apply retroactively to habeas petitioners. Every circuit addressing the issue has found that *Booker* does not apply retroactively to cases on collateral appeal. *See, e.g., Lloyd v. United States*, 407 F.3d 608 (3d Cir. 2005); *In re Elwood*, 408 F.3d 211 (5th Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 860-63 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 480-81 (7th Cir. 2005); *Never Misses a Shot v. United States*, 413 F.3d 781 (8th Cir. 2005); *United States v. Leonard*, 120 Fed. Appx. 759, 2005 WL 139183, at *2 (10th Cir. 2005) (unpublished); *Varela v. United States*, 400 F.3d 864, 866-68 (11th Cir. 2005). I therefore conclude that no reasonable jurist could find debatable the court's conclusion that *Booker* does not apply retroactively to habeas cases. Accordingly, the court will deny a certificate of appealability as to this issue.

### III

For the foregoing reasons, it is **ORDERED** that the Application for Certificate of Appealability is DENIED.

The clerk will send a copy of this Opinion and Order to the clerk of the court of appeals.

ENTER: September 30, 2005

/s/ JAMES P. JONES
Chief United States District Judge